Nathan Brian VANDERBEEK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–22C.

United States Court of Federal Claims.

June 8, 1998.

Nathan Brian Vanderbeek, Caldwell, Idaho, pro se.

Brian S. Smith, with whom were Joseph A. Kijewski, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Plaintiff, Nathan Brian Vanderbeek, alleges that the Farmers Home Administration (FmHA) violated an express or implied-in-fact contract with plaintiff for the FmHA to accept partial payment on his mortgage loan as full accord and satisfaction of the outstanding debt. Argument on the motion is deemed unnecessary. For the reasons set forth below, the court grants defendant's motion to dismiss.

## FACTS

The facts, unless otherwise noted, are taken from plaintiff's complaint and are presumed true for purposes of this motion. Plaintiff received loans from the FmHA totaling $36,240.61, which were tracked by the FmHA with loan account number 1214518880158. The loans were secured by a mortgage held by the FmHA on the property purchased with the loan proceeds.

On November 14, 1992, plaintiff and his wife sent a letter to the FmHA. The letter, among other things, challenged the legitimacy of the Federal Reserve System, decried the "miseducation" at the hands of "corporate government" that plaintiff and his wife had received, and declared that plaintiff and his wife "unknowingly, and unwillingly became debt bond slaves on the date whereon we signed the disputed contract." Plaintiff and his wife also stated that, upon next payment by them to the FmHA, they would repudiate the entirety of the debt, and that "negotiation of the instrument offered in full payment will constitute legal acceptance of

said instrument in full accord and satisfaction of the contracted amount." The FmHA office in Caldwell, Idaho sent a letter dated November 20, 1992 acknowledging receipt of the letter, and requesting that plaintiff indicate whether he would continue to honor his loan obligations. Plaintiff sent a letter dated December 3, 1992 indicating receipt of the FmHA letter.

On December 14, 1992, plaintiff sent a check for $315 to the FmHA. The memo line of the check stated "Final Full Payment Acct. # 1214518880158." The endorsement area on the back of the check read "Acceptance and endorsement of check constitutes full and final settlement of any obligation by borrower to lender under mortgage contract(s)." The FmHA subsequently cashed the check.

After the check was cashed, plaintiff sent two letters to the FmHA requesting reconveyance of the title to the property because of the implied contract created by negotiation of the check by the FmHA.[1] Plaintiff made no further payments on the loan, contending that the loan had been discharged when the FmHA negotiated the check for $315. Beginning in April 1993, the FmHA sent a series of letters to plaintiff, which are included as exhibits to the complaint, demanding payment of amounts due and denying that negotiation of the check constituted full accord and satisfaction of the debt. In January 1994, defendant began foreclosure proceedings in Idaho state court, and the property was subsequently foreclosed upon and sold at auction in July 1994.

Plaintiff filed the instant action, claiming that the cashing of the check by the FmHA created a contract which discharged plaintiff's obligation to repay the debt, and that foreclosure of plaintiff's property by the government breached that contract. Plaintiff requests over $7 million in various damages for the breach and requests that the property be returned to plaintiff free of any encumbrances. Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction.

## ANALYSIS

Defendant makes two principal arguments why this claim should be dismissed pursuant to RCFC 12(b)(1). First, defendant argues that the claim should be dismissed because plaintiffs action is nothing more than a collateral attack on the Idaho state court judgment which confirmed title of the property to the federal government. Second, defendant argues that, even if the court finds that plaintiff has actually alleged a contract action, plaintiff has failed to plead the required elements of either an express or implied-in-fact contract.

To the extent that plaintiff asks the court to overturn the judgment of the Idaho state court, defendant is certainly correct that the court is without jurisdiction to do so. Further, to the extent that plaintiff requests that the court order the return of the foreclosed property to plaintiff, the court is without jurisdiction to provide such a remedy. However, stripped of the portion of the complaint which the court cannot entertain jurisdictionally, there does appear to be a claim that could potentially be within the jurisdiction of the court: plaintiff alleges that the FmHA and plaintiff entered into an express or implied contract, which the government breached, entitling plaintiff to monetary damages. The fact that plaintiff asks the court to review issues outside its jurisdiction and provide remedies that it cannot jurisdictionally provide does not mean that plaintiff's entire claim is outside the jurisdiction of the court.

The court must then address defendant's second basis for dismissal: that plaintiff has not pled the required elements needed to show either an express or implied-in-fact contract, which would mean that the claim would be outside the Tucker Act jurisdiction of the court. Whether the alleged contract is express or implied-in-fact, the same elements are required: mutuality of intent to contract; consideration; lack of ambiguity in offer and acceptance; and actual authority of the government agent whose

---

1. The two letters were included as exhibits to plaintiff's complaint (Exhibits "O" and "Q"). Both copies of the letters are unreadable. However, the court accepts as true for purposes of this motion to dismiss the contents of the letters as described by plaintiff in the complaint.

conduct is relied upon to bind the government. *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990). Defendant focuses on two of these elements, and claims that, as pled, the complaint fails to show either mutuality of intent or lack of ambiguity in offer and acceptance.

Plaintiff contends that the very fact that the check for $315 was negotiated and the proceeds kept by the FmHA shows that there was mutuality of intent and no lack of ambiguity in offer and acceptance. However, even if plaintiff's check can be considered an offer, *plaintiff's* own pleadings show that there was no unambiguous acceptance of plaintiff's terms. Further, the pleadings indicate no mutuality of intent: defendant clearly never attached the same meaning to negotiation of the check that plaintiff did. The series of letters from the FmHA attached to and cited in plaintiff's pleadings unambiguously indicate that the government never intended to form a contract which discharged a $35,000—and in the government's view, undisputed—debt by cashing the $315 check sent by plaintiff. At all times it was defendant's intention to require plaintiff to honor his loan obligation. Plaintiff's complaint can thus not be read to satisfactorily plead the elements of a bona fide implied-in-fact contract. Indeed, the complaint affirmatively contradicts such a reading. Because the complaint cannot be read to create a contract with the government, the court is without jurisdiction to hear the complaint, and defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

**IT IS SO ORDERED.**